ODOM, J.
 

 This is an injunction proceeding by which Mrs. Victor J. Passera seeks to restrain the plaintiff and the civil sheriff of the parish of Orleans from proceeding further under a writ of executory process and from selling certain real estate situated in the city of New Orleans.
 

 The facts are that on April 30,. 1925, the plaintiff company sold to Victor J. Passera et al. a certain-tract or parcel of ground situated in the Third district of the city of New Orleans, containing approximately 165 acres, for a total, consideration of $221,114.71, of which amount $44,222.94 was paid in cash, the balance of the price, or $176,891.77, being represented by one note secured by vendor’s lien and special mortgage on the property sold. The vendees failed to pay the interest installments on the notes as they fell due, and the plaintiff proceeded by executory process to foreclose the mortgage. The property was seized and advertised to be sold by the civil sheriff of Orleans parish at public auction for cash on April 17, 1930. On the date and at the hour set for the sale, Mrs. Passera, the plaintiff in this injunction, appeared in person at the real estate exchange where the property was advertised to be sold, and bid it in at the price and sum of $212,000.
 

 In the advertisement it was specified that the purchaser at the moment of the adjudication would be required to deposit 10 per
 
 *246
 
 cent, of the purchase price, and in compliance therewith Mrs. Passera deposited with the sheriff the sum of $21,200. But she refused to comply further with her bid by paying the balance of the price in cash within thirty days from the date of the sale, and, proceeding under Act 316 of 1908, page 482, the sheriff on demand of the seizing creditor, readvertised the property for sale “at the risk and for the account of the former purchaser,” Mrs. Passera.
 

 Mrs. Passera then brought the present suit to enjoin the seizing creditor and the sheriff from proceeding further under the second advertisement, and from making a second sale of the property, alleging substantially as her cause of action that she became the purchaser thereof at its first offering on April 17, 1930, and then and there made the required deposit, and that she is entitled to have delivered to her the property which she purchased; that the property was advertised and sold as one continuous and unbroken tract of approximately 165 acres, whereas in fact the property had previously been subdivided into lots and squares with designated streets and roads running through it which had been in various ways recognized and dedicated to the public for use as such, and that therefore said property is not in fact one continuous, unbroken tract; that after deducting from the tract the area of the. dedicated roads and streets, which could not be sold, the remaining acreage is less than nineteen-twentieths of that advertised and sold, and that she is entitled to receive, not only one continuous, unbroken tract but one containing 165 acres.
 

 She further alleges that there are lawsuits pending affecting the property, and that the title thereto is suggestive of litigation and not merchantable. She prays for a preliminary restraining order, and that a decree be entered ordering the seizing creditor to take such steps as are necessary to perfect the title to the tract of land so that there may be conveyed to her a legal title to a continuous, unbroken tract containing 165 acres, “and until said title is perfected, the Pontchartrain Realty Company, Inc., and the said M. J. Hartson, civil Sheriff for the Parish of Orleans to remain enjoined from proceeding with the sale of the property herein described.”
 

 The court refused to issue a temporary restraining order, but ordered the seizing creditor and sheriff to show cause on a day fixed why a preliminary injunction should not issue as prayed for. After a.hearing on the rule the court ordered “that said rule be made absolute and accordingly that a preliminary writ of injunction issue herein restraining and enjoining the Pontchartrain Realty Company, Inc., and M. J. Hart-son, civil Sheriff from advertising and/or selling said property under Act 316 of 1908 at the risk and peril of Mrs. A'ictor J. Pass-era, upon the plaintiff in rule, Mrs. V. J. Passera, furnishing bond according to law in the sum of Eifteen Thousand ($15,000.00) Dollars.”
 

 Erom this judgment the seizing creditor and the sheriff appealed.
 

 The property involved in this litigation is real estate situated in the parish of Orleans, where it was ordered sold by the sheriff under executory process.
 

 In proceeding to readvertise the property for sale after Mrs. Passera, the adjudieatee at the first sale had refused to pay the balance . of the purchase price within thirty days, seizing creditor and the sheriff followed the letter of Act 316 of 1908, which has reference to all sales of real property made by sheriffs and constables in parishes
 
 *248
 
 of the state containing two hundred thousand or more inhabitants. As shown by the advertisement, the property was to be sold for cash, the purchaser t;o deposit at the moment of the sale 10 per cent, of the price. Mrs. Passera became the adjudicatee of the property at the price and sum of $212,000, and complied with her bid to the extent of making t;ke required deposit of $21,200 but refused to comply further with the terms of the sale and with her bid by paying the balance within thirty days from the date of sale. Section 3 of the Act; of 1908 reads as follows:
 

 “Be it further enacted, etc., That unless within thirty days from the date of any sale made as aforesaid the entire purchase price be paid, then on demand of any parly in interest the Sheriff or Constable shall advertise the property for sale after fifteen days’ notice and three advertisements within that time, and the sale shall be at the risk and for the account of the former purchaser, and should there be any loss by reason of said second sale the first purchaser shall be liable therefor, but should the property at the second sale bring an increased price, the first purchaser shall have no right to any portion of said increase.”
 

 This law is clear and free from all ambiguity. In express terms it applies to all sales made by sheriffs and constables in those parishes specified. It confers upon any party in interest the right to demand that the sheriff or constable readvertise the property for sale in all cases where the adjudicatee at the first offering fails to pay the entire purchase price within thirty days from the day of sale, and upon such demand the sheriff or constable has no discretion, but “shall advertise the property for sale after fifteen days- notice, * * * and the sale shall be at the risk and for the account of the former purchaser.”
 

 But counsel for Mrs. Passera say in brief: “We contend that the provisions of this Act can not be invoked where the seizing creditor is unable to tender a good title to the property or to deliver what he sold.”
 

 The answer to, this contention is that the law is plain and makes no exceptions. It applies to all cases where real property is sold by sheriffs and constables. An adjudicatee at such sales may for valid rea-' sops refuse to accept the property tendered, but it does not lie- within his power to prevent a readvertisement and a resale of the property after thirty ■ days from the first sale, where he failed to comply with the terms of sale by paying the entire amount in cash. An adjudicatee’s failure to comply gives any person who is interested in having the property sold the absolute right to demand that it be readvertised for sale and when such demand is made, as was done in this case, it is made the mandatory duty of the sheriff or constable to proceed.
 

 The act further provides in plain terms that the second sale “shall be at the risk and for the account of the former purchaser, and should there be any loss by reason of said second sale the first purchaser shall be liable therefor:” Section 3.
 

 It is suggested that this provision of the act might inflict hardship and injustice upon an adjudicatee. We do not think so. If the property at. the second offering bring a price equal to or in excess of that bid at the first offering, the first adjudicatee would suffer no loss. If 'it bring less, he would be liable for the loss, provided he had no good and valid reason for refusing to comply with his bid. It would not be unjust to require an adjudicatee to pay such loss if his reasons for refusing to accept the property and go on with the sale were not well founded. On the other hand, if his reasons were
 
 *250
 
 well founded, lie would not be compelled to comply with the terms of the adjudication.
 

 In the present case, if the property should bring less at the second sale, and if tjien an action be brought against Mrs. Passera for the loss, proof of the allegations which she makes in the present suit for injunction would be a perfect defense to such action. But; she cannot be permitted to hold up the sale of the property until her objections are finally passed upon by the courts. A holding that she has such right would be in direct conflict with the plain letter of tyie law.
 

 We think, however, that her right to urge all such defenses as she may have in case an action should be brought against her for any loss on account of a second sale, as well as her rights, if- any she has, to hold the seizing creditor liable in damages for such loss as she may sustain on account of its failure to deliver the property, should be fully reserved.
 

 For the reasons assigned it is therefore ordered and decreed that; the judgment appealed from be reversed; that the preliminary injunction issued herein he dissolved and set aside; and that plaintiff’s suit be dismissed at her cost in both courts, with full reservation of all of her rights as above set forth.