357 So.2d 622 (1978)
C. L. PONDER
v.
William D. VERNON et al.
No. 11891.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
Frank Koles, III, Amite, for C. L. Ponder, plaintiff-appellant.
Rodney C. Cashe, Hammond, for William D. Vernon, et al., defendant-appellee.
Jesse P. Lagarde, Amite, for Frank M. Edwards, Jr., Sheriff.
*623 Before BLANCHE, COVINGTON and CHIASSON, JJ.
COVINGTON, Judge.
Plaintiff-appellant appeals from a judgment maintaining exceptions of no cause of action and no right of action, dismissing plaintiff's suit at his cost. We amend and affirm.
The facts giving rise to this action are: on February 23, 1977, pursuant to a previous order issued for a judicial sale in order to effect a partition by licitation of the community estate formerly existing between two of the defendants, William D. Vernon and Mary Breland Vernon, a Sheriff's sale took place and the plaintiff was the highest bidder. However, he refused to pay the purchase price of $24,700.00, or any portion thereof, because the property was allegedly burdened with a recorded farm lease to another defendant, Clyde Vernon.
Counsel for appellee, upon being informed that the appellant would not pay the purchase price unless the lease was cancelled, caused the property to be re-advertised for sale on April 13, 1977, all pursuant to LSA-R.S. 13:4360.
On April 11, 1977, appellant filed a declaratory action suit against the three defendants named above and also against the Sheriff, asking that the lease, dated December 27, 1973, recorded in COB 388, Page 570, on December 29, 1973, be annulled and ordering the Sheriff to deliver title, free and clear from any encumbrance, to him.
In the alternative, he asked to be relieved of any responsibility as the successful bidder because of the encumbrance and further asked that if the sale be declared null that he be awarded $1,000.00 attorneys' fees incurred "by reason of the sale advertisement misrepresenting merchantability of title."
He also filed a notice of lis pendens and asked for and obtained a temporary restraining order, thereby effectively stopping the proposed sale pursuant to re-advertisement. Counsel for the defendant, William D. Vernon, filed exceptions of no cause of action and no right of action on June 17, 1977, averring that plaintiff had no cause or right to attack the farm lease, and further had no cause or right to tender the purchase price over 100 days subsequent to the sale. On the same date, he filed a motion for a summary judgment. The Sheriff answered, admitted the sale on February 23, alleged that the plaintiff was the highest bidder but that he had refused to adhere to the terms of the sale by refusing to pay the sum bid, and also alleged that in all sales conducted by the Sheriff the property is sold without warranty.
Testimony was taken on the exception of no right of action; the appellant admitted he was aware of the fact that the property would be re-advertised for sale if the bid price was not paid, and further admitted that, even as of the date of the hearing on the exceptions, he was unwilling to pay for the property unless the farm lease was cancelled.
The Trial Court, as stated, maintained the exceptions.
Our Supreme Court, in Ponchartrain Realty Company v. Passera, 172 La. 243, 133 So. 761 (1931), disposes of appellant's contentions. In that case, the purchaser at Sheriff's sale had made a 10% deposit but refused to pay the balance, alleging that there were suits pending which affected the property and that the title was not merchantable. The Court stated that the adjudicatee's refusal to accept the property gives any interested person the right to demand re-advertisement and sale.
Ordinarily, the doctrine of caveat emptor applies to judicial sales. A court can only order sold the rights of the parties to the proceedings and there is no warranty of title. The purchaser is chargeable with matters of public record, readily ascertainable, which affect the property. Moreover, under LSA-C.C.P. art. 2372 the property is sold subject to any lease with which it is burdened, superior to any mortgage of the seizing creditor. The farm lease is now and was at the time of the original petition for partition a matter of public record.
*624 The judgment of the trial court being manifestly correct, we exercise our authority under LSA-C.C.P. art. 2164 and amend to order also the cancellation of the notice of Lis Pendens filed by the plaintiff.
AMENDED AND AFFIRMED.