SCHOTT, Judge.
We granted certiorari to determine the validity of the judgment of the trial court dismissing relator’s application for preliminary injunction.
Relator intervened in these proceedings which consisted of a final judgment in favor Mr. and Mrs. Alphonse Davis against Equilla Chapman and a judicial sale of Chapman’s property by the sheriff in satisfaction of a writ of fieri facias. The property was adjudicated to relator for $25,500 in connection with which she deposited $2550 with the sheriff.
In her intervention relator alleges that Equilla Chapman acquired the subject property in 1968; that she recited in the act of sale that she was married to and residing with Horace Chapman at the time, and that, as a consequence, the property may have belonged to a community between Equilla and Horace Chapman. Relator further alleged that Horace Chapman was not served with a notice of seizure. Relator asked the trial court for a declaration that the property was Equilla’s separate property so that she (relator) could take title or, in the alternative, that the property was community property in which case she sought damages against the sheriff, Equil-la Chapman, and the Davises. Relator also sought a temporary restraining order and preliminary injunction against the sheriff from disposing of the property until the case was resolved.
The order for the temporary restraining order stated that its purpose is “to prevent plaintiff from suffering the loss of her deposit.... and to prevent her losing her right to purchase said property until it can be determined whether or not Mrs. Equilla Williams Chapman owns the entire property....” The rule to show cause ordered the defendants to show cause why a preliminary injunction shall not issue enjoining the sheriff from conveying the property until further orders of the court.
The sheriff and the executrix of the succession of Equilla Chapman answered relator’s petition but Horace Chapman filed exceptions of improper use of summary proceedings and no cause or right of action.
On September 25, 1987 the trial court rendered the judgment as to which we granted certiorari. It recites that the case came before the court on relator’s rule to show cause “why immovable property should not be declared to have been the separate property of Equilla Williams Chapman.” The judgment recites that in-tervenor is not entitled to the relief prayed for and dismisses “her Rule to Show Cause *139 why immovable property should not be declared to have been the separate property of Equilla Williams Chapman.”
In her writ application relator does not contend that the issue of the property’s classification as separate or community property was not properly before the trial court for adjudication. Furthermore, in his response to the application Horace Chapman stated that he waived his exception of improper use of summary proceedings pri- or to the trial of the rule. Therefore, the effect of the judgment was to dismiss the application for preliminary injunction against the sheriff from disposing of the property and to declare the property community.
Relator contends that she was denied the right to present evidence at the hearing. According to Chapman, at the beginning of the hearing in response to a question from the court relator’s counsel stated that he could prove the Chapmans had been physically separated for a month before they acquired the property, whereupon the court dismissed relator’s rule. However in this court relator advances other theories which she claims the trial court would not consider.
As between relator and the sheriff the question of the property’s classification is of no consequence. The sale transferred to relator whatever interest was owned by Equilla Chapman. The outstanding interest of Horace Chapman was a matter of public record. The sheriff does not warrant title to property sold at a judicial sale. Ponder v. Vernon, 357 So.2d 622 (La.App. 1st Cir.1978). Thus, relator must either take title to whatever Equilla Chapman may own or forfeit her deposit. Accordingly, we affirm the dismissal of the rule against the Civil Sheriff.
Relator has ingrafted onto these proceedings a declaratory judgment suit against Horace Chapman. The judgment dismissing her claim against him is an appealable judgment. If she was not allowed to put on evidence at the hearing she should have made a proffer in accordance with C.C.P. art. 1636. At this point the remedy available to her is to take an appeal from the judgment insofar as it dismissed her suit against Chapman and complete the record in accordance with C.C.P. art. 2131. Presumably, the trial court will permit relator to make a written proffer which can provide a basis for her appeal. Since she has an adequate remedy by appeal against Chapman we decline any further exercise of our supervisory jurisidiction and recall our writ insofar as the judgment dismisses intervenor’s suit against Horace Chapman.
AFFIRMED IN PART; WRIT RECALLED IN PART.