MURRAY, J.,
dissents with reasons.
_JjThe governing statute in this case is La. R.S. 13:4360(B). The statute provides that if the purchaser at a judicial sale makes the required deposit, but fails to pay the entire purchase price within thirty days after the sale, any interested party may demand that the property be re-advertised. The statute further provides that the officer conducting the sale “shall re-advertise the property for sale.” La. R.S. 13:4360(B). The word “shall” is mandatory. La. R.S. 1:3.
Construing a similarly worded prior statutory provision,[1] the Louisiana Supreme Court in Pontchartrain Realty Co. v. Passera, 172 La. 243, 248, 133 So. 761, 763 (1931), rejected the buyer’s argument that the statute could not be invoked when the seizing creditor could not tender good title to the property. The Supreme Court reasoned that “[t]he law is plain and makes no exceptions. It applies to all cases where real property is sold by sheriffs and constables.” Pontchartrain, 172 La. at 248, 133 So. at 763. The Supreme Court further reasoned that “[a]n adjudi-catee’s failure to comply [by paying the balance within thirty days | ¡>after the sale] gives any person who is interested in having the property sold the absolute right to demand that it, be readvertised for sale and when such demand is made, as was done in this case, it is made the mandatory duty of the sheriff or constable to proceed.” Id. The Supreme Court still further reasoned that the statutory provision was unambiguous and that the sheriff in that context had “no discretion.” Pontchartrain, 172 La. at 247, 133 So. at 763.
The governing statute in this case, La. R.S. 13:4360(B), is likewise unambiguous and imposes a mandatory duty on the sheriff under the circumstances presented here. The purchaser, Alfortish Holding, L.L.C., failed to pay the balance of the purchase price within thirty days of the sale. An interested party, First NBC Bank (“FNBC”), made a timely request of the sheriff (the officer conducting the sale) to re-advertise the property. Under these circumstances, the sheriff had a mandatory duty to comply with FNBC’s request.
Accordingly, I would reverse the trial court’s judgment, recognize the adjudication to Alfortish is an absolute nullity, and remand for the trial court to order the sheriff to resell the property in accordance with law.

. The provision at issue in the Pontchartrain case provided that:
[UJnless within thirty days from the date of any sale made as aforesaid the entire purchase price be paid, then on demand of any party in interest the Sheriff or Constable shall advertise the property for sale after fifteen days’ notice and three advertisements within that time, and the sale shall be at the risk and for the account of the former purchaser, and should there be any loss by reason of said second sale the first purchaser shall be liable therefor, but should the property at the second sale bring an increased price, the first purchaser shall have no right to any portion of said increase.
Pontchartrain, 172 La. at 247, 133 So. at 763.